UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CLIFTON FRANCIS, | ) |
| | ) |
|     Movant | ) |
| | ) 2:08-cr-00182-DBH |
| v. | ) 2:12-cv-00064-DBH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In October 2008, Francis waived indictment and pleaded guilty to a charge of Conspiracy to Distribute and Possession with Intent to Distribute 500 or More Grams of Cocaine and 50 Grams or More of Cocaine Base.  (United States v. Francis, No. 2:08-cr-00182:  ECF No. 16.) In February 2009 the Court imposed a sentence on Clifton Francis that included an 84-month term of imprisonment.  The 84-month term reflected a variant sentence, as the Court's drug quantity, acceptance of responsibility, and safety valve findings called for a sentence of between 87 and 108 months under the United States Sentencing Guidelines.  Francis did not appeal the Court's sentence.  In 2011, Francis filed a motion (ECF No. 32) to have his sentence reduced in light of the United States Sentencing Commission's decision to amend the Guidelines' drug quantity tables retroactively.  See United States Sentencing Guidelines Manual (U.S.S.G.) § 1B1.10 (2011);  United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012).  The Court granted Francis's motion and reduced his sentence to 70 months.  (ECF No. 37.)  Now before the Court is Francis's motion to correct his sentence pursuant to 28 U.S.C. § 2255, based on a contention that the Court used a greater drug quantity figure in 2011 than it had used at the initial sentencing in 2009, allegedly because of ineffective assistance of counsel.  I recommend that the Court deny

the motion because the factual premise for it is erroneous and because Francis failed to preserve any issue related to drug quantity following his initial sentencing.

## Procedural Background

During its 2009 presentence conference with counsel, the Court reviewed the Probation Office's Revised Presentence Investigation Report and neither Francis's counsel nor the Government's counsel disagreed with the assessment found in the PSR that the relevant drug quantity for sentencing exceeded 500 grams and that the resulting base offense level was 34. (Tr. of Presentence Conf. at 6-7, ECF No. 23.) Thereafter, at the sentencing hearing, the Court inquired whether Francis and his counsel reviewed the PSR prepared by the U.S. Probation Office. Francis and his counsel affirmed that they had done so. (Tr. of Sentencing Hr'g at 4-5, ECF No. 24.) The report attributed a total of 522.2 grams of cocaine base to Francis based on the seizure of 238.6 grams from Francis and based on an assessment that Francis "admitted he had sold multi-ounce quantities of cocaine base to the CI on previous occasions," ostensibly in five-ounce quantities, for an additional 283.6 grams. (Revised Presentence Investigation Report and Addendum, dated Dec. 15, 2008, ¶ 9.) According to the Probation Office, its recommendation that there were prior five-ounce transactions was based on a report from the DEA that Francis had admitted as much to the DEA during a post-arrest interview. (Id.) Based on these assertions the Probation Office assessed a base offense level of 34. (Id. at 6.)

At his sentencing hearing, Francis's counsel, despite voicing no prior objection to the Probation Office's quantity assessment, represented that Francis had not previously dealt with the CI in multiple ounce quantities, only in multiple "eight balls" (eighth-of-an-ounce quantities). (Tr. of Sentencing Hr'g at 20.) The Court queried counsel on this representation, resulting in the following colloquy:

> THE COURT: . . . . Mr. Voluck, I did want to ask you one further question which was provoked by something that Assistant U.S. Attorney Perry said, and that is, what am I to make of the fact that there was no objection to the presentence report paragraph that assigned drug quantity in the larger amount based upon the post-arrest interview?
>
> MR. VOLUCK: Judge, I'll fall on the sword on that; that was my fault. It was absolutely my fault.
>
> THE COURT: Pull the microphone toward you.
>
> MR. VOLUCK: That was absolutely my fault. And I think that in later discussions with Mr. Francis, as this started to lay out the amounts that were involved and whether or not it was, you know, 8 gram versus ounces case and when I was reassured by my client that what I stated to Your Honor concerning the post-Miranda admission, when I was satisfied that what he was telling me was the truth, just never dawned on me again to -- it was already in -- it was already addressed, I did the objection, and I just totally skipped over it.

(Id. at 37-38.) From there, the Court made its safety valve finding and concluded that Francis met the safety valve standard for truthfulness. (Id. at 42.) The Court then found that the facts concerning drug quantity were as stated in the Revised PSR; that the based offense level was therefore 34; that Francis would receive a two-level reduction for the safety valve; that Francis would receive a three-level reduction for acceptance of responsibility; that the resulting offense level was 29; and that the resulting guidelines sentence range was 87 to 108 months. (Id.) The Court imposed a variant 84-month sentence for reasons that are not challenged by Francis. (Id. at 45.) Francis did not appeal this sentence.

In November 2011, the Probation Office prepared an updated PSR in light of Francis's request for reduction of his sentence pursuant to the revised drug quantity tables for cocaine base, using the same drug quantity findings made by the Court at the sentencing hearing. (Revised Presentence Report upon 2011 Crack Cocaine Amendment, dated Nov. 21, 2011.) The net effect of the change was that Francis's base offense level dropped an additional two points and the Guidelines called for a sentence between 70 and 87 months. The Court ordered a

3

reduction in Francis's sentence to 70 months. The Court did not, and could not, revisit the issue of drug quantity in this context. See U.S.S.G. § 1B1.10(b)(1) (2011).

## Discussion

The Court's finding that the cocaine base quantity was in excess of 500 grams was incorporated into its Judgment of February 10, 2009. See 18 U.S.C. § 3582(b). Francis did not appeal the judgment and now seeks to raise drug quantity issues three years later. A habeas petition is not a substitute for an appeal. Berthoff v. United States, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." Id. Even if Francis could somehow show cause and prejudice for the failure of his counsel to prevail on the drug quantity issue, or actual innocence in relation to the allegedly excessive drug quantity, he did not pursue a collateral attack against the drug quantity findings within the one-year statute of limitation applicable to Section 2255 motions. See 28 U.S.C. § 2255(f). Consequently, Francis's claim of ineffective assistance of counsel at his initial sentencing is barred.

Francis's actual argument, in any event, is that the Court actually found the drug quantity to be less than 500 grams at his sentencing hearing and then erroneously found it to be in excess of 500 grams when it resentenced him in 2011. Francis contends that this amounted to a procedural error by the Court and to ineffective assistance of counsel in connection with resentencing. (Mot. at 4-6, ECF No. 38.) As I suspected when I issued my order to answer (ECF No. 39), Francis's petition depends on a mistaken factual premise. In fact, the Court expressly found in open Court that the drug quantity was as stated in the Revised PSR. The Revised PSR, in turn, attributed 522.2 grams of cocaine base to Francis for purposes of sentencing. The fact

that the Court identified the base offense level as 34 further reflects that its drug quantity finding was between 500 grams and 1.5 kilograms of cocaine base. See U.S.S.G. § 2D1.1(c)(3) (2008). The premise of Francis's Section 2255 motion, that "the court adopted the [PSR] as accurate and [found] the defendant responsible for 236 grams" (Mot. at 2, ¶ C), is erroneous. So too is Francis's assertion that the Probation Office unilaterally enhanced the drug quantity when it issued its updated PSR for purposes of resentencing. (Mot. at 4.) Consequently, there is no factual basis to support Francis's claim of procedural error at resentencing or of ineffective assistance of counsel at resentencing.

Lastly, Francis's motion alludes to a Rule 43 violation. (Mot. at 3, ¶ 4.B.) Francis does not develop this claim and the only assessment I can make is that he feels he should have been present at a resentencing hearing. In fact, Rule 43 of the Federal Rules of Criminal Procedure reflects that a defendant's presence in court is not required if the proceeding involves the correction or reduction of a sentence. Fed. R. Crim. P. 43(b)(4).

## Conclusion

For the reasons stated above, no evidentiary hearing is warranted under Rule 8 of the Rules Governing Section 2255 Cases and I recommend that the Court deny Francis's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 11, 2012                                    /s/ Margaret J. Kravchuk
                                                    U.S. Magistrate Judge